10-1660-ag
Zhu v. Holder

BIA
Schoppert, IJ
A099 540 379

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand eleven.

PRESENT:
    DENNIS JACOBS,
        *Chief Judge*,
    ROBERT A. KATZMANN,
    DENNY CHIN,
        *Circuit Judges*.

_____

Ze Feng Zhu,
    *Petitioner*,

    v.                                    10-1660-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent*.

_____

FOR PETITIONER:          Lee Ratner, Law Offices of Michael
                         Brown, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; Thomas B. Fatouros, Senior

**Litigation Counsel; Karen Y. Stewart, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ze Feng Zhu, a native and citizen of China, seeks review of an April 16, 2010, decision of the BIA affirming the April 28, 2008, decision of Immigration Judge ("IJ") Douglas Schoppert, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Ze Feng Zhu*, No. A099 540 379 (B.I.A. Apr. 16, 2010), *aff'g* No. A099 540 379 (Immig. Ct. N.Y. City Apr. 28, 2008).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA.  *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  The applicable standards of review are well-established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of*

2

*Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

The only issue before us is whether the agency erred in denying Zhu's application for asylum and withholding of removal premised upon his fear of persecution based on his religion, as Zhu has not challenged the denial of CAT relief or the other bases for relief raised before the agency.

For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We will "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make" such a ruling. *Xiu Xia Lin*, 534 F.3d at 167. In this case, the IJ reasonably based his adverse credibility determination on the unexplained inconsistencies in Zhu's testimony regarding his experiences with

underground churches in China, and on Zhu's demeanor.  Zhu testified that he attended two different underground Catholic churches in China, both of which were raided by the police and shut down, and that after the churches were shut down, the police came to his home looking for him.  In his asylum application, he simply stated that he had gone to Catholic Mass twice while in China.  He did not mention that either of the churches he went to were raided by the police, or that police came to his home looking for him, nor did he mention that he fled to, and then lived in, Shanghai.  When asked in his hearing about these omissions, Zhu had no explanation, other than that he omitted the information. Substantial evidence thus supports the IJ's finding that Zhu's omissions, and failure to reasonably explain those omissions, undermined his credibility.  *See id*.  The IJ additionally found that Zhu appeared insincere, and "when questioned about inconsistencies or omissions, he simply did not respond for lengthy periods."  We generally defer to an IJ's demeanor findings, and will do so here.  *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).  In this case, the totality of the circumstances, including Zhu's omissions, lack of explanation, and demeanor, support the

4

agency's adverse credibility determination.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167.

The BIA found that even if it accepted Zhu's assertion that he would continue to practice his Catholic faith if he were to return to China, Zhu did not establish a well-founded fear of persecution because there was no evidence that the Chinese government was aware, or would become aware, of his Catholicism.  An applicant claiming only a prospective fear of persecution must make some showing that the government is aware or is likely to become aware of the activities that might lead persecution.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).  Moreover, the more recent reports of country conditions suggested that while underground churches were interfered with by the government, treatment varied greatly in different areas, and in some localities the churches were tolerated.  The BIA reasonably found that this differing treatment undermined Zhu's fear of being singled out for persecution, because a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best." *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005).  Accordingly, the agency reasonably concluded that Zhu failed to establish a well-founded fear of persecution based on his

5

practice of Catholicism.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk